IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

BETTY MAE MAHAN,                   :

    Plaintiff,                    :

vs.                                :     CA 19-0858-MU

ANDREW M. SAUL,                    :
Commissioner of Social Security,
                                   :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Betty Mae Mahan brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 15 & 18 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's brief, and the Commissioner's brief,[1] the Court concludes that the Commissioner's decision denying benefits should be affirmed.[2]

---

[1]    The parties waived oral argument. (*See* Docs. 16 & 19).

[2]    Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 15 & 18 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of
(Continued)

## I. Procedural Background

Plaintiff filed applications for disability insurance benefits and supplemental security income on December 15, 2016, alleging disability beginning on September 30, 2016. (*See* Tr. 164-70 & 171-77). Mahan's claims were initially denied on February 3, 2017 (Tr. 67-68, 69-70, 93-97 & 98-102) and, following Plaintiff's February 22, 2017 request for a hearing before an Administrative Law Judge ("ALJ") (Tr. 105-06), a hearing was conducted before an ALJ on May 17, 2018 (Tr. 36-63). On November 13, 2018, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to social security benefits. (Tr. 21-32). More specifically, the ALJ determined at the fourth step of the five-step sequential evaluation process that Mahan retains the residual functional capacity to perform light work and, therefore, her past relevant work as a candy separator/hand packager. (Tr. 25-31; *compare id. with* Tr. 58-59). On January 10, 2019, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (*see* Tr. 161-63); the Appeals Council denied Mahan's request for review on October 8, 2019 (Tr. 1-4). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to degenerative disc disease and stenosis of the cervical and lumbar spine, diabetes mellitus, and obesity. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.     The claimant has the following severe impairments: degenerative disc disease and stenosis of [the] cervical and lumbar spine, diabetes mellitus, and obesity  (20 CFR 404.1520(c) and 416.920(c)).**
>
> . . .

---

appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

**4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**

. . .

**5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of "light work," as that term is otherwise defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift and carry up to 20 pounds occasionally and up to 10 pounds frequently. She can push and pull within those same exertional limits. She can stand or walk for about 6 hours altogether and she can sit for at least 6 hours out of an 8-hour workday. She can occasionally climb ramps and stairs, but she cannot climb ladders, ropes or scaffolding. She is able to occasionally stoop, crouch and kneel, but could not perform any crawling. She can perform tasks not involving concentrated exposure to pulmonary irritants such as dust, gases, fumes and smoke. She can perform tasks not involving the operation of vibrating tools or equipment. She can perform tasks not involving exposure to temperature extremes or exposure to workplace hazards such as unprotected heights and dangerous moving machinery.**

. . .

**6. The claimant is capable of performing past relevant work as a candy separator/hand packager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**

. . .

**7. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2016, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).**

(Tr. 23, 25, 31 & 32 (emphasis in original)).

## II. Standard of Review and Claims on Appeal

> In all Social Security cases, an ALJ utilizes a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[3] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step, of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that she cannot do her past relevant work, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

4

U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[4] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

On appeal to this Court, Mahan asserts two reasons the Commissioner's decision to deny her benefits is in error (*i.e.,* not supported by substantial evidence): (1) the ALJ erred in rejecting the opinion of the treating physician, Dr. Glenton W. Davis; and (2) the ALJ's RFC determination is not supported by substantial evidence. Given that Plaintiff argues that the RFC determination is not supported by the evidence

---

[4] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

principally because the ALJ improperly weighed the opinion evidence and gave more weight to the opinion of the non-examining reviewing physician, Dr. Gloria Sellman, over that of treating physician Dr. Davis (Doc. 13, at 8), the Court considers Plaintiff's two assignments of error together.

      A.     **ALJ's RFC Determination and His Consideration of the Opinions of Treating Physician Dr. Glenton Davis versus those of Dr. Gloria Sellman**.  Plaintiff attacks the ALJ's RFC determination (*see* Tr. 25, Finding 5), and ultimate decision of non-disability, by principally arguing that the ALJ improperly considered the opinion evidence of record and, in particular, improperly according little weight to the opinions of her treating physician, Dr. Glenton Davis.

The responsibility for making the residual functional capacity determination rests with the ALJ. *Compare, e.g.,* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity.") *with, e.g., Packer v. Commissioner, Social Security Admin.*, 542 Fed. Appx. 890, 891-892 (11th Cir. Oct. 29, 2013) (per curiam) ("An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments. There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (internal citation omitted)). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond

appropriately to supervision, co-workers and work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Commissioner of Social Security,* 457 Fed. Appx. 868, 870 n.5 (11th Cir. Feb. 9, 2012) (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)); *see also* 20 C.F.R. § 404.1545(a)(3) (in assessing RFC, the Commissioner is required to consider "descriptions and observations of [the claimant's] limitations from [] impairments, including limitations that result from [] symptoms, such as pain, provided by [the claimant] . . . ."). Because "[a]n RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments[,]" *Packer, supra,* 542 Fed.Appx. at 891, consideration of a claimant's testimony and credibility is certainly an aspect of any such determination, *see id.* at 892 (in finding that Plaintiff had failed to establish that her RFC assessment was not supported by substantial evidence, the Eleventh Circuit considered, among other matters, the ALJ's consideration of Packer's testimony, specifically the credibility determination).

To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has "'provide[d] a sufficient rationale to link'" substantial record evidence "'to the legal conclusions reached.'" *Ricks v. Astrue*, 2012 WL 1020428, *9 (M.D. Fla. Mar. 27, 2012) (quoting *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005)); *compare id. with Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) ("'[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory,

7

and other requirements of work.'"), *aff'd,* 542 Fed. Appx. 890 (11th Cir. Oct. 29, 2013); *see also Hanna v. Astrue*, 395 Fed. Appx. 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review [a plaintiff's] case." (internal citation omitted)).[5] However, in order to find the ALJ's RFC assessment supported by substantial evidence, it is not necessary for the ALJ's assessment to be supported by the assessment of an examining or treating physician. *See, e.g., Packer, supra,* 2013 WL 593497, at *3 ("[N]umerous court have upheld ALJs' RFC determinations notwithstanding the absence of an assessment performed by an examining or treating physician."); *McMillian v. Astrue*, 2012 WL 1565624, *4 n.5 (S.D. Ala. May 1, 2012)

---

[5] It is the ALJ's (or, in some cases, the Appeals Council's) responsibility, not the responsibility of the Commissioner's counsel on appeal to this Court, to "state with clarity" the grounds for an RFC determination. Stated differently, "linkage" may not be manufactured speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the Commissioner's decision. *See, e.g., Durham v. Astrue*, 2010 WL 3825617, *3 (M.D. Ala. Sept. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because, according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'" (quoting *Hanna*, 395 Fed. Appx. at 636 (internal quotation marks omitted))); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ could have relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct." (emphasis in original)); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

(noting that decisions of this Court "in which a matter is remanded to the Commissioner because the ALJ's RFC determination was not supported by substantial and tangible evidence still accurately reflect the view of this Court, but not to the extent that such decisions are interpreted to require that substantial and tangible evidence must—in all cases—include an RFC or PCE from a physician" (internal punctuation altered and citation omitted)); *but cf. Coleman v. Barnhart,* 264 F.Supp.2d 1007 (S.D. Ala. 2003).

In this case, the Court finds that the ALJ linked his RFC assessment—that is, a range of light work with limitations—to specific evidence in the record bearing upon Mahan's ability to perform the physical, mental, sensory and other requirements of work. (*Compare* Tr. 25 *with generally* Tr. 77-81, 223-25, 271-81, 324-25, 416- 30 & 432-51). The ALJ explained in some detail how the medical evidence of record supported the components of his RFC determination (*see id.* at 26-30; *compare id. with* Tr. 25) and, in particular, the Court observes that the ALJ's RFC determination is consistent with the objective radiological/MRI evidence of record (*compare* Tr. 25 *with* Tr. 279-80 (June 17, 2016 MRI of the lumbar spine reflecting some lumbar spondylosis, most significant at L5-S1 on the left where there was an intraforaminal bulge resulting in moderate neural foraminal stenosis); Tr. 324-25 (May 9, 2016 x-rays showed severe degenerative disc disease at L5-S1 but no significant change when compared to the exam in 2014); and Tr. 422 (unenhanced CT scan of the cervical spine revealed mild multilevel degenerative changes without identifiable high-grade spinal canal or foraminal stenosis)), as well as the objective examination findings of Dr. Jeffry Pirofsky (*compare* Tr. 271-72 (on September 6, 2016, Mahan's gait was antalgic, lumbar range of motion was decreased by 40% and bilateral hip range of motion was decreased by 30%;

however, there was no palpable tenderness or muscle spasm over the lumbar spine or paralumbar musculature, muscle tone was normal, no scoliosis was appreciated, there was no abnormality with respect to kyphosis or lordosis, no asymmetry was appreciated, there was no dermal stigmata, no tenderness was appreciated over the bilateral SI joints, no spinal deformities were appreciated, straight leg raise was negative in both the seated and supine position, no muscle atrophy or pelvic asymmetry were appreciated, and there was 5/5 strength in all major muscle groups tested in the bilateral lower extremities, with those extremities being grossly intact to pinprick); Tr. 273-74  (identical examination findings documented by Dr. Pirofsky on August 3, 2016, with the additional notation that Mahan appeared to be in "moderate discomfort")) and Dr. Glenton Davis, plaintiff's treating physician (*compare* Tr. 25 *with* Tr. 293-98 (office notes from Dr. Davis from June of 2016 through December of 2016 objectively reflect stable extremities, save for November 7, 2016, when Davis noted L-spine tenderness consistent with lumbar disc disease) & 432-51 (office notes from Dr. Davis for the period January of 2017 through April of 2018 objectively reflect that Mahan's extremities were stable)). These predominantly normal objective findings, combined with the conservative treatment of Plaintiff's back and neck pain—back brace, pain medications, etc.—are consistent with and provide substantial support for the ALJ's RFC determination. Moreover, despite Plaintiff's argument that the ALJ erred in failing to accord appropriate weight to the opinions of her treating physician, Dr. Glenton Davis, this Court does not agree and finds both the weight afforded Dr. Davis' opinions and the ALJ's RFC assessment supported by substantial evidence in the record.

"Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the process for determining disability." *Kahle v. Commissioner of Social Security,* 845 F.Supp.2d 1262, 1271 (M.D. Fla. 2012). In general, "the opinions of examining physicians are given more weight than those of non-examining physicians, treating physicians are given more weight than those of physicians who examine but do not treat, and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." *McNamee v. Social Sec. Admin.,* 164 Fed.Appx. 919, 923 (11th Cir. Jan. 31, 2006). Indeed, "the ALJ must give the opinion of the treating physician 'substantial or considerable weight unless "good cause" is shown to the contrary.'" *Williams v. Astrue,* 2014 WL 185258, *6 (N.D. Ala. Jan. 15, 2014), quoting *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004) (other citation omitted); *see Nyberg v. Commissioner of Social Security,* 179 Fed.Appx. 589, 591 (11th Cir. May 2, 2006) (citing to same language from *Crawford v. Commissioner of Social Security,* 363 F.3d 1155, 1159 (11th Cir. 2004)).

> Good cause is shown when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Where the ALJ articulate[s] specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *Moore* [*v. Barnhart*]*,* 405 F.3d [1208,] 1212 [(11th Cir. 2005)].

*Gilabert v. Commissioner of Social Sec.*, 396 Fed.Appx. 652, 655 (11th Cir. Sept. 21, 2010) (per curiam).

The ALJ analyzed Dr. Davis' April 17, 2018 opinions—on a Physical Medical Source Statement and a Clinical Assessment of Pain form—in the following manner:

> The undersigned has considered the opinion of the claimant's treating [physician,] Dr. Glenton Davis[,] and gives it little weight (Exhibit 8F). Dr. Davis opined that the claimant could only sit for 1 hour per day and could only stand or walk for 1 hour per day. He stated that she could lift no more than 5 pounds and could rarely reach, push or pull. He also indicated that she could rarely stoop or climb and that her impairments would force her to miss work more than three days per month. Dr. Davis' opinion is not consistent with the evidence as a whole or his own objective findings as set out above. In 2017 and 2018 the claimant reported only minor pain symptoms, 3/10 level pain, while Dr. Davis generally noted that she was stable, appeared [to be] in no acute distress, and was doing well on her medication regimen. There are no complaints to him that come anywhere close to matching the level of debilitation he opined in the Medical Source Statement. And, as a separate consideration, the undersigned notes that Dr. Davis had previously reported only that the claimant should be limited to light duty. In fact, that statement is consistent with the functional capacity determination in this decision and, if it had been set out in the form of an opinion—as that term is used in Social Security disability regulations—it would have received substantial weight. The opinion at Exhibit 8F, though, is not deserving of such weight, as it is contradictory of the evidence generally and of Dr. Davis' own notes particularly.

(Tr. 30).

Good cause for failing to accord a treating physician's opinion substantial weight exists where, as here, the treating physician's own medical records do not support that opinion (or those opinions). *Gilabert, supra*, 396 Fed.Appx. at 655. There are absolutely no objective findings (e.g., range of motion limitations, inability to heel/toe walk, positive straight leg raise test, tenderness of the lumbar or cervical spine, muscle spasms in the lumbar or cervical spines) in Dr. Davis' medical records from January of 2017 through April of 2018 (*see* Tr. 432-51)[6] which would support any of the significant limitations noted on Davis' April 17, 2018 Physical Medical Source Statement (*compare id. with* Tr.

---

[6] During the entirety of the relevant period for disability purposes of September 30, 2016 onward (*see* Tr. 23 (September 30, 2016 is the alleged onset date of disability)), Dr. Davis' medical records contain but one objective finding of note: on November 7, 2016, and in the context of "Extremities," Mahan was found to have L-spine tenderness consistent with lumbar disc disease (Tr. 294).

453). Indeed, on each office visit during this January 2017 to April 2018 time period, Davis only objectively noted that Mahan's extremities were stable (Tr. 432, 434, 436-42, 444, 449 & 450-51), and on April 10, 2017, October 24, 2017, January 29, 2018, and March 5, 2018, indicated that Plaintiff was in no acute distress on examination (*see* Tr. 434, 440 & 450-51). Therefore, the ALJ's decision to afford "little" weight to Dr. Davis' Physical Medical Source Statement is supported by substantial evidence.

The same is true for the ALJ's implicit rejection of Dr. Davis' Clinical Assessment of Pain form (*see* Tr. 454). Although the ALJ did not refer specifically to this form, it is clear he was taking aim at the opinions expressed thereon since that form is part and parcel of Exhibit 8F (*compare id. with* Tr. 30) and in giving little weight to the entirety of Exhibit 8F, the ALJ prominently pointed out that "[i]n 2017 and 2018 the claimant reported only minor pain symptoms, 3/10 level pain, while Dr. Davis generally noted that she was stable, appeared in no acute distress, and was doing well on her medication regimen." (Tr. 30). The subjective and objective "pain" evidence documented in Dr. Davis' treatment records is generally in accordance with the ALJ's summarization (*compare id. with* Tr. 432, 434, 436-42, 444 & 449-51)[7] and, in fact, the office notes from January 25, 2017 (Tr. 444), February 13, 2017 (Tr. 442), April 10, 2017 (Tr. 440), June 5, 2017 (Tr. 438), December 5, 2017 (Tr. 432), and April 17, 2018 (Tr. 449), the very date Dr. Davis completed the two forms which make up his opinion (*compare id. with* Tr. 453-54), do not contain any reports from Mahan regarding back or neck pain.

---

[7] The one exception is that on January 29, 2018, Mahan reported pain on a daily basis, described as 5 to 6 (Tr. 451); however, that same date, Davis objectively reported that Plaintiff was in no acute distress and her extremities were stable (*id.*). Thus, Mahan's subjective complaints of at most "moderate" pain on this date were belied by Dr. Davis' lack of any objective findings.

Therefore, Dr. Davis' findings on the Clinical Assessment of Pain form—including that pain is present to such an extent as to be distracting to adequate performance of daily activities and physical activity greatly increases pain to such a degree as to cause distraction from task or total abandonment of task. etc.—are wholly inconsistent with the treating physician's own medical records and were properly afforded little weight by the ALJ.[8]

Based on the foregoing discussion, the undersigned finds that the ALJ's decision to afford little weight to the opinions expressed by Dr. Davis on April 17, 2018 is supported by substantial evidence and, as a consequence, also finds the ALJ's RFC determination supported by substantial evidence. As aforesaid, the ALJ explained in detail how the medical evidence of record supported the components of his RFC determination and, therefore, properly linked his RFC assessment to specific evidence in the record bearing upon Mahan's ability to perform the physical, mental, sensory and other requirements of work.

Because Plaintiff raises no other issues, the Commissioner's fourth-step determination is due to be affirmed. *Compare Land v. Commissioner of Social Security,* 494 Fed.Appx. 47, 49 & 50 (11th Cir. Oct. 26, 2012) ("[S]tep four assesses the

---

[8] The undersigned notes that though "substantial" weight was given to the opinion of non-examiner Dr. Gloria Sellman (Tr. 30), it is apparent, as stated by the ALJ himself, that opinion did not form "the complete basis for the residual functional capacity finding in this decision." (*Id.; see id.* (explaining that in reaching his RFC determination, the ALJ considered much more evidence than the evidence considered by Sellman, including medical evidence submitted at the hearing, etc.)). And that this is true is clear from the fact that Dr. Sellman concluded that Mahan could perform medium work (*see* Tr. 77), whereas the ALJ clearly found that Plaintiff can only perform a range of light work with limitations (*compare id. with* Tr. 25). More importantly, as reflected above, given that the objective medical evidence of record from Drs. Davis and Pirofsky support the ALJ's RFC determination, the Court finds no reversible error in the ALJ's decision to afford substantial weight to Sellman's opinion.

claimant's RFC to determine whether the claimant is capable of performing 'past relevant work.' . . . A claimant's RFC takes into account both physical and mental limitations. . . . Because more than a scintilla of evidence supported the ALJ's RFC assessment here, we will not second-guess the Commissioner's determination.") *with Phillips, supra,* 357 F.3d at 1238-1239 ("At the fourth step, the ALJ must assess: (1) the claimant's residual functional capacity []; and (2) the claimant's ability to return to [his] past relevant work. As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. Moreover, the ALJ will assess and make a finding about the claimant's residual functional capacity based on all the relevant medical and other evidence in the case. Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to [his] past relevant work under the fourth step; and (2) can adjust to other work under the fifth step . . . . If the claimant can return to [his] past relevant work, the ALJ will conclude that the claimant is not disabled. If the claimant cannot return to [his] past relevant work, the ALJ moves on to step 5." (internal citations, quotation marks, and brackets omitted; brackets added)).

## **CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be affirmed.

**DONE** and **ORDERED** this the 23rd day of April, 2020.

s/P. Bradley Murray<br>
**UNITED STATES MAGISTRATE JUDGE**